ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
JONATHAN GALATZAN
Assistant United States Attorney
California Bar Number 190414
   Federal Courthouse, 14th Floor
   312 North Spring Street
   Los Angeles, California 90012
   Telephone: (213) 894-2727
   Facsimile: (213) 894-7177
   E-mail: Jonathan.Galatzan@usdoj.gov

Attorneys for Plaintiff
United States of America

FILED
CLERK, U.S. DISTRICT COURT
FEB 10, 2014
CENTRAL DISTRICT OF CALIFORNIA
BY: _____PMC_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CV 13-4050 SVW (VBKx) |
| Plaintiff, | ) **CONSENT JUDGMENT** |
| vs. | ) |
| REAL PROPERTY LOCATED IN ROSEMEAD, CALIFORNIA (XUE), | ) JS-6 |
| Defendant. | ) |
| YI H. XUE, | ) |
| Titleholder. | ) |

This action was filed on June 6, 2013. Notice was given and published in accordance with law. Potential claimant Su Qin Yang ("Yang") claims an interest in the defendant real property, but has not filed a claim in this case or answered the complaint. However, Yang would have filed a claim and answer in this case absent this settlement. No other claims or answers have been filed, and the time for filing claims and answers has expired. Plaintiff United States of America ("the government") and potential claimant Yang have reached an agreement that, without further litigation and without an admission of any wrongdoing, is dispositive of the government's claims against the defendant property, and hereby request that the Court enter this Consent Judgment.

**WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:**

1. As used throughout, the "defendant property" shall mean the defendant real property located in Rosemead, California

2. This Court has jurisdiction over the parties to this Consent Judgment and the subject matter of this action.

3. On or about June 6, 2013, the government filed a Complaint for Forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 2323 (a)(1) against the defendant real property.

4. Potential claimant Yang claims an interest in the defendant real property, but has not filed a claim in this case or answered the complaint. However, Yang would have filed a claim and answer in this case absent this settlement. No other claimant has appeared in this action.

5. Notice of this action has been given in accordance with law. No appearances having been made in this action, the

Court deems that all potential claimants other than Yang admit the allegations of the Complaint to be true. The Complaint states a valid claim for relief pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 2323 (a)(1).

6.  Yi H. Xue, Yang's son and the current title-holder of the property shall retain possession of and title to the defendant property.

7.  In consideration of the government's agreement not to pursue forfeiture of the defendant property, Yang shall pay the sum of $280,000.00 to the government not later than sixty days following entry of this Consent Judgment by the Court. Such payment shall be made in the form of a cashier's check made payable to the United States Customs and Border Protection, and shall be delivered to Assistant United States Attorney Jonathan Galatzan, 312 N. Spring Street, 14th Floor, Los Angeles, California 90012. Said sum is hereby ordered forfeited to the United States of America and no other right, title or interest shall exist therein. The United Customs and Border Protection is ordered to dispose of the funds in accordance with law.

8.  In consideration of Yang's agreement to forfeit the above-described funds, the government agrees to forego its attempts to seek forfeiture of the defendant property in connection with any conduct committed up to and including the date of the filing of this proposed Consent Judgment. The government agrees that if payment is made as provided in paragraph 7, it shall execute and record a Withdrawal of *Lis Pendens* with the County Recorder of Los Angeles County within ten days of such payment.

9. Should Yang fail to make the payment required herein within sixty days following entry of this Consent Judgment, the government shall acquire a lien against the defendant real property in the sum of $280,000.00. The government's lien shall include a right of sale, allowing the government to take possession of and sell the defendant property at any time after fifteen days after entry of this Consent Judgment, unless the parties agree otherwise in writing. The government shall give written notice to Yang by letter directed to I. Mark Bledstein, Esq., as set forth below, thirty (30) days before the government intends to enforce its right of sale of the property. At the conclusion of that thirty day period, any occupants or personal property shall be removed from the property. The United States Customs and Border Protection is hereby authorized to remove any occupants and/or personal property remaining on the defendant property thirty days after the giving of written notice without further order of this Court. The United States Customs and Border Protection shall thereafter sell the property. The proceeds of sale shall be applied as follows, to the extent proceeds are available:

    a. First, to the costs incurred by the United States Customs and Border Protection in taking possession of and selling the defendant property;

    b. Second, to any lienholder, known currently to only be Citibank, N.A.;

    c. Third, to the payment due under the terms of this Consent Judgment; and

    d. Fourth, any remainder to Yang.

10. Except as otherwise set forth in this Consent Judgment, Yang has released the United States of America, its agencies, agents, and officers, including, without limitation, employees and other representatives of the United States Customs and Border Protection, from any and all claims, defenses, actions, or liabilities arising out of or related to this action against the defendant real property, including, without limitation, any and all claims for attorneys' fees, costs or interest which may be asserted by it or on its behalf.

11. The parties shall each bear their own costs and attorneys' fees in this action.

12. The Court shall retain jurisdiction over this matter to enforce the provisions of this Consent Judgment.

13. The Court finds that there was reasonable cause for the initiation of this action, and this Consent Judgment shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

14. All notices and other communications provided for in this Consent Judgment shall be in writing and shall be effective when given on the earliest of the following dates:  (i)  the date when actually delivered if delivered in person to the recipient; (ii)  on the first (1st) business day after depositing such notice with a reputable independent nationally-recognized overnight courier service addressed to the recipient as set forth below; or (iii)  on the third (3rd) day after depositing such notice in a sealed envelope in the United States mail, postage prepaid, by registered or certified mail, return receipt

requested, addressed to, except as otherwise provided in this Consent Judgment, the recipient at the address set forth below:

To the Government:  Jonathan Galatzan, Assistant U.S. Attorney, Asset Forfeiture Section, 312 N. Spring Street, 14th Floor, Los Angeles, CA 90012.

To Yang:  I. Mark Bledstein, Esq., 15915 Ventura Boulevard, Suite 203, Encino, CA  91436.

///

///

///

Any notice so given by mail shall be deemed to have been given as of the date of delivery (whether accepted or refused) established by the U.S. Post Office return receipt or the overnight courier's proof of delivery, as the case may be.

Dated: February 3, 2014          _____
                                 THE HONORABLE STEPHEN V. WILSON
                                 UNITED STATES DISTRICT JUDGE

Approved as to Content:

DATED: January 31, 2014     ANDRÉ BIROTTE JR.
                            United States Attorney
                            ROBERT E. DUGDALE
                            Assistant United States Attorney
                            Chief, Criminal Division
                            STEVEN R. WELK
                            Assistant United States Attorney
                            Chief, Asset Forfeiture Section

                                 /s/ Jonathan Galatzan
                            JONATHAN GALATZAN
                            Assistant United States Attorney

                            Attorneys for Plaintiff
                            United States of America

DATED: January 31, 2014
                                 /s/ Su Qin Yang
                            SU QIN YANG
                            Potential claimant

**Approved as to form:**

DATED: January 31, 2014     LAW OFFICE OF I. MARK BLEDSTEIN

                                 /s/ I. Mark Bledstein
                            I. MARK BLEDSTEIN, ESQ.
                            Attorney for Potential Claimant
                            Su Qin Yang